UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80627-CIV-CANNON/Reinhart

**MELISSA COSSABOOM** *et al.*,

    Plaintiffs,
v.

**NVR MORTGAGE FINANCE, INC**.
and **NVR, INC.**,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, filed on May 4, 2021 [ECF No. 16], and Plaintiffs' Motion for FLSA Conditional Certification and Issuance of Court-Authorized Notice, filed on June 8, 2021 [ECF No. 38]. The Court has reviewed the Parties' responses and replies to both motions [ECF Nos. 26, 34, 42, 54]. The Court also held a hearing on Defendants' Motion to Dismiss [ECF No. 43]. Following careful review, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion for Conditional Class Certification is **DENIED WITHOUT PREJUDICE**.

### FACTUAL BACKGROUND

This proposed collective action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") based on Plaintiffs' allegations that Defendants did not pay overtime wages to its Loan Officer employees [ECF No. 5]. Defendants NVR Mortgage Finance, Inc. and NVR, Inc. are engaged in the homebuilding business and provide home mortgages in fourteen

different states [ECF No. 5 ¶ 21].  Both NVR, Inc. and NVR Mortgage Finance Inc. are Virginia Corporations with their principal place of business in Reston, Virginia [ECF No. 5 ¶¶ 23-25].

Plaintiffs Melissa Cossaboom, Ann Adair Hatch, and Joel Hughes are the named plaintiffs in the Amended Complaint [ECF No. 5].  All three are former loan employees who facilitated the sale of home financing for Defendants [ECF No. 5 ¶¶ 3-19].  Cossaboom is a resident of Apollo Beach, Florida, and worked in Defendants' Tampa, Florida, office from December 2017 to August 2018 [ECF No. 5 ¶¶ 3-4].  Hatch is a resident of Jupiter, Florida, and worked in the West Palm Beach, Florida office from June 2017 to August 2019 [ECF No. 5 ¶¶ 9-10].  Hughes is a resident of Greenville, South Carolina, and worked in the Greenville, South Carolina office from May 2019 to August 2020 [ECF No. 5 ¶¶ 15-16].[1]

Plaintiffs allege that Defendants "required Plaintiffs and the proposed FLSA Collective to work overtime hours" but "did not pay them for all hours worked" [ECF No. 5 ¶ 47].  According to the Statement of Claim, the three named Plaintiffs are entitled to $51,330 in total unpaid overtime wages [ECF No. 9, pp. 1-3].  Plaintiffs claim that Defendants' policy regarding overtime wages amounted to a willful violation of the FLSA and seek to represent a nationwide class to redress their grievances.  The Proposed FLSA Class is defined as follows: "All Loan Employees who are or were employed by NVR, Inc. and/or NVR Mortgage Finance, Inc. anywhere in the United States at any time on or after March 31, 2018" [ECF No. 38, p. 4].

---

[1] Since the filing of the Amended Complaint, twelve additional plaintiffs have filed notices of consent to join as opt-in plaintiffs (Daniel Tapscott, Jessica Pettry, Christopher Gates, Faran Gaines, Brian Gardner, Lori Jenkins, Elizabeth Galan, Ellen Bailes Desmond, Paola Leon, Eva Christenson, John Carlisle, and Scott McCauley) [ECF Nos. 10, 15, 22, 24, 25, 47, 49, 53, 55].

CASE NO. 21-80627-CIV-CANNON/Reinhart

**PROCEDURAL HISTORY**

On March 31, 2021, Plaintiffs Cossaboom and Hatch filed their initial Complaint in this Court [ECF No. 1]. The Complaint was amended on April 9, 2021, to include Hughes as a plaintiff [ECF No. 5]. The Amended Complaint asserts a single cause of action for unpaid overtime wages in violation of the FLSA [ECF No. 5 ¶¶ 72-84].

On May 4, 2021, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint, primarily arguing that the Court lacks personal jurisdiction over Defendants to adjudicate the claims of Plaintiff Hughes [ECF No. 16]. On May 18, 2021, Plaintiffs filed a Response in Opposition [ECF No. 26]. On May 25, 2021, Defendants filed a Reply in Support of the Motion to Dismiss [ECF No. 34].

On June 8, 2021, Plaintiffs filed their Motion for FLSA Conditional Certification and Issuance of Court-Authorized Notice [ECF No. 38; *see* ECF Nos. 42 and 54]. Both Motions are ripe for adjudication.

**LEGAL STANDARD**

Where a challenge is raised to personal jurisdiction in a Rule 12(b)(2) motion to dismiss, "the district court must hear and decide the issue '"before trial unless the court orders a deferral until trial."' *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021) (quoting Fed. R. Civ. P. 12(i)). Pursuant to Rule 12(i), a district court possesses discretion to proceed in one of two ways when evaluating a Rule 12(b)(2) motion to dismiss: (1) the court may immediately conduct an evidentiary pre-trial hearing during which the plaintiff must meet a preponderance-of-the-evidence standard to establish personal jurisdiction; or (2) the court may defer imposing a preponderance-of-the-evidence standard until trial. *Id*. Under the latter approach, the court reviews the Rule 12(b)(2) motion to dismiss under a *prima facie* standard, which limits the court's

3

analysis to just the complaint and affidavits in the record. *Id.* In this scenario, "plaintiff meets its burden if it presents enough evidence to withstand a motion for judgment as a matter of law." *Id* (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)). Ultimately, however, "[n]o matter how the district court proceeds, the plaintiff must eventually—by the close of evidence—establish personal jurisdiction by a preponderance of the evidence." *Id*.

## DISCUSSION

Defendants argue that the Court lacks personal jurisdiction over Defendants as to Plaintiff Hughes because his claim "does not arise out of or relate to Defendants' contacts with Florida" [ECF No. 16-1, p. 11]. The parties do not dispute that the Court may exercise personal jurisdiction over Defendants to adjudicate the claims of the Florida plaintiffs—Cossaboom and Hatch [ECF No. 16-1, p. 11; ECF No. 26, p. 10]. Those claims are alleged to have arisen out of Defendants' specific contacts with Florida [ECF No. 5 ¶ 40 ("Plaintiff Hatch worked for Defendants' location in West Palm Beach, Florida, which is within the jurisdiction and venue of this Court.")]. Instead, the narrow issue in dispute is whether a Florida Court may exercise personal jurisdiction over Virginia Defendants to adjudicate the claim of a South Carolina Plaintiff (Hughes) whose claim does not arise from Defendants' Florida activities [ECF No. 5 ¶ 15]. The Court concludes that it may not.

For Plaintiffs' FLSA claims to proceed, the Court must have personal jurisdiction over Defendants with respect to those claims. "A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). "The requirement that a court have personal jurisdiction flows . . . from the Due Process Clause [of the Fourteenth Amendment]." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456

4

U.S. 694, 702 (1982). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

Where, as here, a court's subject-matter jurisdiction is based upon a federal statute as to which Congress did not specifically authorize nationwide service of process, then "Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996) (citing *Cable/Home Communication v. Network Prod's,* 902 F.2d 829, 855 (11th Cir. 1990); *Burris v. Bangert Computer Sys., Inc.*, No. 209CV201-FTM-29DNF, 2009 WL 3256477, at *2 (M.D. Fla. Oct. 7, 2009) ("FLSA is silent regarding service of process"). As such, the Court must look to Florida's long-arm statute to determine whether it may assert personal jurisdiction over the nonresident defendants.

In the case of non-resident defendants, "'[a] federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.'" *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant can be subjected to personal jurisdiction under Florida's long-arm statute in two ways: (1) Fla. Stat. § 48.193(1) enumerates various acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida; or (2) Fla. Stat. § 48.193(2) provides that, regardless of whether the claim arises from a defendant's activities in Florida, a Florida court may exercise general personal jurisdiction over a defendant "who is engaged in substantial and not isolated activity." Fla. Stat. § 48.193(1)-(2).

5

For the exercise of personal jurisdiction to be consistent with the Fourteenth Amendment's Due Process Clause, there must be a proper basis for subjecting a defendant to general or specific personal jurisdiction. In specific personal jurisdiction cases, courts apply the three-part due process test, which examines the following facts: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "'purposefully availed'" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–75 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). When assessing whether a non-resident Defendant may be subjected to general personal jurisdiction in a particular forum, courts evaluate whether the non-resident Defendant is engaged in sufficiently continuous and systematic general business contacts within the forum state to render him at home in that forum. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 929 (2011).

In this case, the Court lacks general jurisdiction over the non-resident Defendants. As Plaintiffs acknowledge in their Amended Complaint, Defendants are neither incorporated in the State of Florida nor have their principal place of business here [ECF No. 5 ¶¶ 23-24]. Plaintiffs do not allege any basis whereby the Court could find that Defendants are essentially "at home" in Florida. *See Daimler AG*, 571 U.S. at 139.

The Court also lacks specific jurisdiction over Defendants with respect to Plaintiff Hughes' claims. Plaintiffs assert in the Amended Complaint that Hughes is a resident of Greenville, South

Carolina, and that "Hughes worked for Defendants as an LP from approximately May 2019 to August 2020 in Greenville, SC" [ECF No. 5 ¶¶ 15-16]. Hughes' claim that he was not paid overtime wages is specifically tied to his employment in South Carolina [ECF No. 5 ¶¶ 18-19], and Plaintiffs do not plead any facts to suggest that Hughes' claims against Defendants arise out of their contacts with the State of Florida.

Relying on *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017), Defendants argue that Florida courts may exercise specific personal jurisdiction only over those FLSA claims that arise out of or relate to a defendant's contacts with Florida [ECF No. 16-1, p. 11]. The Court agrees.

In *Bristol-Myers*, 600 plaintiffs brought eight separate lawsuits in California state court claiming that the drug Plavix injured them, but 592 of the plaintiffs were from outside California. *Id.* at 1778. The California Supreme Court found that Bristol-Myers' extensive contacts with the state and the similarities between the claims of nonresidents and residents allowed California to exercise specific jurisdiction over Bristol-Myers, despite the lack of direct connection between Bristol-Myers' contacts and the nonresident-plaintiffs' claims. *Id.* at 1779.

The Supreme Court reversed, finding that California courts did not have specific jurisdiction to entertain the nonresidents' claims against Bristol-Myers. The Court noted that, under "settled principles" of specific jurisdiction, "for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State [and is therefore subject to the State's regulation].'" *Id.* at 1781 (quoting *Goodyear*, 564 U.S. at 919). The Court then found that many of the plaintiffs had no connection to California and did not even purchase or ingest Plavix while in California. *Id*. "The mere fact that *other* plaintiffs were prescribed,

7

obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents," the Court continued, did not allow the State "to assert specific jurisdiction over the nonresidents' claims." *Id*. As the Court emphasized, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*.

The personal jurisdiction concerns raised in *Bristol-Myers* are instructive here. The Due Process Clause, "acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment" even when the defendant may suffer minimal inconvenience to litigate in the forum of another state or if the forum state has a strong interest in applying its law to the action. *Id*. at 1780-81 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)). Because Plaintiffs do not assert a basis for the Court's exercise of personal jurisdiction over the claim of Plaintiff Hughes, Hughes must be dismissed from the Amended Complaint.

The Court recognizes that the Eleventh Circuit has not yet confronted the specific question whether the holding of *Bristol-Myers* applies to FLSA collective actions. The Court also observes that district courts are split on this issue, with some likening opt-in plaintiffs in an FLSA action to members of a class action and declining to apply *Bristol-Myers*,[2] while others have applied *Bristol-Myers* to limit collective actions only to those claims that arise from a defendant's contacts with the forum state.[3]

---

[2] *See, e.g.*, *Aiuto v. Publix Super Markets, Inc.*, No. 1:19-CV-04803-LMM, 2020 WL 2039946, at *5 (N.D. Ga. Apr. 9, 2020); *Harapeti v. CBS Television Stations*, Inc., No. 20-CV-20961, 2021 WL 1854141, at *6 (S.D. Fla. May 10, 2021)

[3] *See Perez Perez v. Escobar Constr., Inc.*, No. 20CIV8010LTSGWG, 2021 WL 2012300, at *8 (S.D.N.Y. May 20, 2021); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 56 (D. Mass. 2018)

8

However, both the Sixth and Eighth Circuits recently held that *Bristol-Myers* applies to FSLA collective actions [ECF Nos. 58, 59]. In *Canaday v. Anthem Companies, Inc.*, No. 20-5947, 2021 WL 3629916 (6th Cir. Aug. 17, 2021), the Sixth Circuit affirmed a district court's order dismissing out-of-state FLSA opt-in plaintiffs on personal jurisdiction grounds. *Id.* at *1. There, the Court applied *Bristol-Myers* and held that "a court may not exercise specific personal jurisdiction over claims unrelated to the defendant's conduct in the forum State." *Id.* at *7. Likewise, in *Vallone v. CJS Sols. Grp., LLC*, No. 20-2874, 2021 WL 3640222 (8th Cir. Aug. 18, 2021), the Eighth Circuit concluded that the district court lacked personal jurisdiction over the FLSA claims of employees who did not reside in the state and had not traveled to the state for work. *Id.* at **1, 3. The Eighth Circuit applied *Bristol-Myers* and held that personal jurisdiction "must be determined on a claim-by-claim basis." *Id.* at *6.

The Court finds the holdings of the Sixth and Eighth Circuits to be persuasive and incorporates the reasoning in those decisions here. At bottom, Plaintiffs rely largely on the purpose of the FLSA to enhance the efficient resolution of FLSA collective actions, but for the reasons elaborated in *Canaday* and *Vallone*, that purpose cannot overcome the constitutional requirements of due process or the absence in the FLSA of a nationwide service provision.

Accordingly, the Court finds that it lacks personal jurisdiction over Plaintiffs whose claims do not arise out of Defendants' contacts with the state of Florida. Here, that means the Court cannot exercise personal jurisdiction over Plaintiff Hughes or any other opt-in plaintiff whose claims do not arise out of or relate to Defendants' conduct in Florida. To the extent that Plaintiffs seek certification of a collective action, any such collective action must be limited to employees whose claims arise from Defendants' Florida activities.

CASE NO. 21-80627-CIV-CANNON/Reinhart

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED IN PART** as to Defendants' arguments under Rule 12(b)(2). Plaintiff Hughes is dismissed with prejudice from this action, and any opt-in Plaintiffs whose claims do not satisfy the requirements of this Order are dismissed without prejudice. Defendants' additional arguments in the Motion to Dismiss are denied without prejudice to be revisited, if necessary, upon the filing of a Second Amended Complaint.

2. Plaintiffs shall file a Second Amended Complaint in accordance with this Order on or before **September 15, 2021**. To the extent Plaintiffs seek to allege a joint-employer relationship between Defendants NVR Mortgage Finance, Inc. and NVR, Inc., they must plead sufficient facts to support that allegation.

3. Plaintiffs' Motion for FLSA Conditional Certification and Issuance of Court-Authorized Notice [ECF No. 38] is **DENIED WITHOUT PREJUDICE** to be refiled, if so desired, in accordance with the personal jurisdiction conclusion in this Order.

**DONE AND ORDERED** at Fort Pierce, Florida, this 1st day of September 2021.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:    counsel of record