UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MELISSA COSSABOOM f/k/a MELISSA COLLINS, ANN ADAIR HATCH, and JESSICA PETTRY, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>  -against-<br><br>NVR, INC. and NVR MORTGAGE FINANCE, INC.,<br><br>                Defendants. | Case No. 9:21-cv-80627-AMC |

**DECLARATION OF JOHN CARLISLE**

1. I was employed by NVR, Inc. and/or NVR Mortgage Finance, Inc. ("NVR") from approximately April 2017 to April 2021 as a Loan Employee.[1] I was employed as a Loan Officer at NVR's location in Orlando, Florida from approximately April 2017 to April 2021. I worked with approximately five to seven Loan Officers and eight Loan Processors at that location.

2. As a Loan Employee, I was classified as non-exempt and eligible to receive overtime pay. It is my understanding that all Loan Employees are classified as non-exempt and eligible to receive overtime pay.

3. In addition to my base pay, I was also eligible to receive commissions.

**Duties as a Loan Employee**

4. As a Loan Employee, my job was to assist NVR homebuyers with the mortgage application process. My duties generally included speaking with customers to collect the

---

[1] "Loan Employee" means Loan Officer or Loan Processor.

information required by NVR for a loan, collecting required documents, and submitting the loan paperwork to NVR's underwriting department for approval.

5. When I was hired, I participated in training. There were approximately 20 to 30 Loan Employees from various location at that training. I understand that all Loan Employees undergo similar training.

**Off-the-Clock Work**

6. As a Loan Employee, NVR typically scheduled me to work 40 hours per week. My typical scheduled hours were 9:00 a.m. to 6:00 p.m., Monday through Friday, with a scheduled 60-minute uncompensated meal break.

7. Even though I was typically scheduled to work 40-hour workweeks, I regularly worked more than 40 hours per week and through uncompensated meal breaks.

8. Including my scheduled time worked, time worked outside of my scheduled work hours, and time worked during unpaid meal breaks, I estimate that I typically worked an average of 44 to 50 hours weekly throughout my employment with NVR. NVR's pay records should reflect the number of hours for which it paid me.

9. Some of the work I performed for NVR was from home. NVR provided Loan Employees with company-issued laptops and/or smartphones for work performed out of the office. In fact, NVR provided me with a company issued laptop and smartphone so that I could continue performing work from home.

10. My supervisors, including Stephanie Moore (Branch Manager), Carrie Staley (Branch Manager), Shane Huskett (Sales Manager), Stephanie Melendez (Sales Manager), communicated with me via phone calls, texts and emails outside of regularly scheduled work hours regarding work-related matters.

11. The performance demands NVR placed on Loan Employees required that I perform work outside of my scheduled 40-hour workweek. While I knew I was unfairly denied overtime for the off-the-clock overtime hours that I was working, these additional off-the-clock overtime hours helped me meet my commissions goals and therefore earn commission compensation in lieu of overtime pay.

**Timekeeping and Unpaid Overtime**

12. NVR required me and other Loan Employees to record hours using timesheets. Absent occasional circumstances in which overtime was pre-approved, NVR prohibited us from recording more than 40 hours. Additionally, we were prohibited from reflecting on our timesheets the time we regularly worked during uncompensated meal breaks.

13. My supervisor, Shane Huskett (Sales Manager), specifically told me to record 40 hours per week regardless of the hours I actually worked in the office beyond 40 each week, absent specific approval. In fact, I recall one week in approximately 2019 where I accidently submitted a weekly timesheet that included one or two hours of overtime during a week in which overtime was not approved. I recall that my supervisor, Shane Huskett (Sales Manager), rejected this timesheet and made me change my timesheet and resubmit it so that it did not reflect any overtime hours. As a result, my time records generally reflected only 40 hours of work per week despite working more hours than I recorded.

14. I understood that NVR maintained labor budgets to control the amount it paid employees. As a result, it was NVR's policy to prohibit Loan Employees from recording overtime hours without approval.

15. Approval for overtime was rarely granted.

16. Even in the limited instances in which NVR pre-approved recording overtime hours, the number of overtime hours NVR approved was often inadequate to cover all the

overtime hours that NVR required that I and other Loan Employees work. Thus, even during those limited weeks in which NVR permitted me to record overtime, I was routinely still required to work additional uncompensated overtime hours to meet NVR's demands.

17. I believed that I would have been reprimanded or otherwise disciplined if I recorded all the hours I worked because recording more than 40 hours per week without approval was in violation of NVR's policy, and pre-approval was rare, difficult to obtain, and often insufficient to cover all hours worked.

18. I also believed that I would have been reprimanded or otherwise disciplined if I failed to complete all the work expected of me even when I was unable to complete that work in 40 hours or less per week.

**Other Loan Employees Similar to Me**

19. Other Loan Employees performed similar duties as me. I know this because I worked alongside other Loan Employees, such as Jorge Aahron Miranda (Loan Officer) (Orlando, Florida), Rosalinda Marin (Loan Officer) (Orlando, Florida), Ann Adhair Hatch (Loan Officer) (West Palm Beach, Florida) and Nelson Massri (Loan Officer) (Tampa, Florida) and I witnessed them performing the same job duties as me. Further, we participated in conference calls during which we were instructed on NVR's expectations of us, regardless of location.

20. Other Loan Employees, including Jorge Aahron Miranda (Loan Officer) (Orlando, Florida), Rosalinda Marin (Loan Officer) (Orlando, Florida), Ann Adhair Hatch (Loan Officer) and Nelson Massri (Loan Officer) (Tampa, Florida), regularly worked more than 40 hours per workweek and did not receive overtime pay for all the hours that they worked in excess of 40. I know this because I witnessed them working long hours alongside me and we complained amongst each other about the long hours we were working. Notwithstanding the

4

long hours, some of us discussed the fact that we did not get paid for all overtime hours worked as a result of NVR's policies.

21. I anticipate that if other Loan Employees, including for example Jorge Aahron Miranda (Loan Officer) (Orlando, Florida), Rosalinda Marin (Loan Officer) (Orlando, Florida), and Nelson Massri (Loan Officer) (Tampa, Florida) were made aware of their right to receive overtime pay, they would likely come forward with claims for overtime compensation due. I believe this to be true because they worked significant overtime hours off-the-clock and without compensation, and we complained to one another about the long, uncompensated overtime hours regularly worked.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 09/21/2021                          _John Carlisle_
                                                        Signature

5